UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE TORRES,

          Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant.

No.  2:16-cv-1574-EFB

ORDER

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

("Commissioner") denying his applications for a period of disability and Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

Social Security Act.  The parties have filed cross-motions for summary judgment.  For the

reasons discussed below, plaintiff's motion for summary judgment is granted, the

Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.     BACKGROUND

       Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had

been disabled since November 15, 2007.  Administrative Record ("AR") 178-191.  Plaintiff's

applications were denied initially and upon reconsideration.  *Id.* at 123-129, 133-143.  On

September 26, 2014, a hearing was held before administrative law judge ("ALJ") Odell Grooms.

*Id.* at 35-68.  Plaintiff was represented by counsel at the hearing, at which he and a vocational

expert testified.  *Id.*

On December 5, 2014, the ALJ issued a decision finding that plaintiff was not disabled as

defined by sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1]  *Id*. at 20-30.  The ALJ made

the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through
   June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since November 15, 2007, the
   alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

\* \* \*

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the
Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid
to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions,
disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to
"a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R.
§§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The
following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful
> activity?  If so, the claimant is found not disabled.  If not, proceed
> to step two.
> Step two:  Does the claimant have a "severe" impairment?
> If so, proceed to step three.  If not, then a finding of not disabled is
> appropriate.
> Step three:  Does the claimant's impairment or combination
> of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
> 404, Subpt. P, App.1?  If so, the claimant is automatically
> determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past
> work?  If so, the claimant is not disabled.  If not, proceed to step
> five.
> Step five:  Does the claimant have the residual functional
> capacity to perform any other work?  If so, the claimant is not
> disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation
process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
evaluation process proceeds to step five.  *Id.*

3. The claimant has the following medically determinable impairments: neck, back and knee pain likely secondary to a strain, adjustment disorder, and polysubstance abuse disorder in longstanding remission (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

\* \* \*

5. The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2007, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

*Id.* at 22-30.

Plaintiff's request for Appeals Council review was denied on May 5, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational

/////

1  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

2  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

3  III.     ANALYSIS

4         Plaintiff argues that the ALJ erred in (1) finding that he did not have any severe

5  impairments at step-two, and (2) discounting his subjective complaints and third-party statements.

6  ECF No. 19 at 9-14.

7         A.     The ALJ's Step-Two Finding is Supported by Substantial Evidence

8         "The step-two inquiry is a de minimis screening device to dispose of groundless claims."

9  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants

10  whose medical impairment is so slight that it is unlikely they would be disabled even if age,

11  education, and experience were not taken into account.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).

12  At step two of the sequential evaluation, the ALJ determines which of claimant's alleged

13  impairments are "severe" within the meaning of 20 C.F.R. §§ 404.1502(c) and 416.924(c).  A

14  severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do

15  basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  "An impairment is not severe if it

16  is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a

17  minimal effect on the ability to do basic work activities.'"  *Webb v. Barnhart*, 433 F.3d 683, 686

18  (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p).

19         Plaintiff first argues that the ALJ erred at step-two by rejecting the opinions from two

20  examining physicians that found that plaintiff had limitations impacting his ability to work.  ECF

21  No. 19 at 9-11.  The weight given to medical opinions depends in part on whether they are

22  proffered by treating, examining, or non-examining professionals.  *Lester*, 81 F.3d at 834.

23  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

24  opportunity to know and observe the patient as an individual.  *Id*.; *Smolen v. Chater*, 80 F.3d

25  1273, 1285 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in

26  addition to considering its source, the court considers whether (1) contradictory opinions are in

27  the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted

28  opinion of a treating or examining medical professional only for "clear and convincing" reasons.

4

*Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id*. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Dr. Rita Bermudez, M.D., an examining physician, performed an examination of plaintiff for the Department of Rehabilitation.  AR 312-318.  Plaintiff's primary complaints were back and neck pain, with headaches and vertigo; knee pain; and a lump in his right groin.  *Id*. at 314.  Findings on examination were mostly unremarkable, with normal strength in both upper and lower extremities and largely normal ranges of motions in all joints.  However, Dr. Bermudez did note positive Phalen's test bilaterally, but a negative Tinel's test; mild tenderness and mild crepitus of the cervical spine, tenderness over the lumbar spine and coccyx; tenderness into the right groin with a palpable lump; complaints of pain with increase range of motion of the lumbar spine; and mild crepitus in both knees.  *Id*. at 315-317.  She diagnosed plaintiff with mechanical low back pain, right inguinal hernia, frequent headaches associated with cervicalgia and myofascial pain syndrome, probable bilateral degenerative joint disease of the knees, probable bilateral carpal tunnel syndrome, and coccydynia.  *Id*. at 318.

Dr. Bermudez noted that plaintiff had a history of back pain that is primarily noted with bending, prolonged weight bearing, and lifting, as well as right groin pain with lifting.  *Id*.  She further stated that "[h]e would improve if he could have his right inguinal hernia repaired. However, he has no health insurance for this."  Based on her examination, Dr. Bermudez opined that plaintiff could lift 30 pounds occasionally and 15 pounds frequently, walk and stand up to 3 hours in an 8-hour workday, and sit up to 5 hours intermittently in an 8-hour day, but would

5

require a cushioned chair to avoid pain over the tailbone. *Id*. She further opined that he could reach, handle, finger and feel with restrictions limiting prolonged repetitive forceful pushing and pulling to less than 50 pounds and on an occasional basis, and could occasionally bend, squat, and kneel. *Id*.

Plaintiff subsequently underwent a comprehensive internal medicine evaluation, which was performed by Dr. Johnathan Schwartz, M.D., an examining physician. *Id*. at 324-327. X-ray of the lumbar spine showed no fractures; mild anterior wedging deformity at L1 vertebra, likely developmental; posterior subluxation identified at L3-4; and degenerative disc at L3-4 through L5-S1. X-rays of plaintiff's knees showed that joint spaces were well maintained; there were no fractures; and only a tiny subchondral cyst within the posterior patella was noted on the left knee. *Id*. at 329-330. Physical examination was largely normal, except for swelling of the right groin and mild crepitus of the left knee. *Id*. at 325-327. Dr. Schwartz diagnosed plaintiff with back and neck pain, likely secondary to strain, cannot rule out degenerative changes of the spine; knee pain, likely secondary to strain, cannot rule out degenerative changes; and swelling of the right groin, likely secondary to inguinal hernia. *Id*. at 327. He opined that plaintiff could sit and stand up to six hours; sit without limitation; lift and carry 20 pounds occasionally and 10 pounds frequently secondary to inguinal hernia; and frequently kneel, crouch, and crawl. *Id*.

The record also contains opinions from non-examining physicians Dr. Stephen Whaley and Dr. B. Sheely, who both opined that plaintiff did not have a severe physical impairment. *Id*. at 78, 89, 102, 117.

In finding that plaintiff did not have any severe physical impairments, the ALJ gave significant weight to Drs. Schwartz, Whaley, and Sheely's opinions, while giving only minimal weight to Dr. Bermudez's medical opinion. However, as argued by plaintiff, the ALJ treatment of the medical opinion evidence is based largely on a mischaracterization of Dr. Bermudez and Dr. Schwartz's opinions.

In rejecting Dr. Bermudez's opinion, the ALJ observed that the physician indicated that plaintiff "would improve if he had hernia repair surgery, which did occur per the [his] testimony." AR 28; *see id*. at 53 (testimony reflecting that his hernia was repaired in December 2013). Dr.

6

1    Bermudez, however, did not opine that all of plaintiff's limitations were due to his hernia.

2    Rather, she stated that plaintiff "had a history of back pain primarily noted with weight bearing

3    and lifting. He also has right groin pain with lifting. He would improve if he could have his right

4    inguinal hernia repaired." AR 28. This statement indicates that plaintiff's groin pain would be

5    expected to decrease if he had his hernia repaired, not that corrective surgery would remove all

6    functional limitations. Thus, the ALJ's conclusion that Dr. Bermudez' opinion is invalid because

7    plaintiff had his hernia repaired is not supported by substantial evidence.

8           The ALJ also concluded that Dr. Bermudez's opinion was contrary to Dr. Schwartz's

9    opinion, which according to the ALJ, supported the finding that plaintiff did not have severe

10   physical limitations. AR 28-29. The ALJ, however, mischaracterized Dr. Schwartz's examining

11   opinion. The ALJ misstated that "Dr. Schwartz indicated [plaintiff] had no physical limitations,

12   except for lifting that was due to his hernia. Since [plaintiff] has had hernia repair surgery, that

13   limitation is no longer relevant." AR 27. Dr. Schwartz, however, also concluded that plaintiff

14   was limited to frequent kneeling, crouching, and crawling. Unlike the lifting limitations, he did

15   not find that these postural limitations were due to plaintiff's hernia. *See id*. at 327.

16          In finding that plaintiff did not have a severe impairment, the ALJ accorded significant

17   weight to Dr. Schwartz's opinion. However, the ALJ also tacitly rejected this physician's opinion

18   that plaintiff had postural limitations. As the ALJ failed to provide legally sufficient reasons for

19   rejecting Dr. Schwartz's opinion that plaintiff had limitations that had more than a minimal

20   impact on his ability to work, the step-two finding cannot be sustained. *See Lester*, 81 F.3d at

21   830-31; *Webb*, 433 F.3d at 683.

22          B.      Remand for Further Proceedings

23          Plaintiff argues that remand for payment of benefits is appropriate because, based on Dr.

24   Bermudez's opinion, he is limited to light work and therefore disabled under the applicable

25   vocational rules. ECF No. 19 at 12.

26          "A district court may reverse the decision of the Commissioner of Social Security, with or

27   without remanding the cause for a rehearing, but the proper course, except in rare circumstances,

28   is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808

F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407. Moreover, a court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Here, notwithstanding the errors addressed above, the record cast serious doubt as to whether plaintiff is disabled. The scant medical records show only limited chiropractic treatment for plaintiff's back impairment. Furthermore, Dr. Schwartz's opinion does not establish that plaintiff's limitations preclude him from performing all work. Specifically, Dr. Schwartz opined that plaintiff only had postural and lifting limitations, but also stated that the lifting impairments were due to his hernia, which has since been repaired. The remaining postural limitations, while interfering with plaintiff's ability to work, do not indicate a complete inability to work. Accordingly, the court cannot find that further administrative proceeding would serve no useful purpose.[2]

IV.    CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

---

[2] As the matter must be remanded for further consideration of the medical opinion evidence, the court declines to address plaintiff's remaining arguments.

3.  The matter is remanded for further consideration consistent with this order; and

4.  The Clerk is directed to enter judgment in plaintiff's favor.

DATED:  September 25, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE